PETER W. R. JOHNSON *v.* CHARLES F. GIEG ET AL.

CIRCUIT COURT

FIRST CIRCUIT
FILE No. SC 1-4175

Memorandum filed November 26, 1963

*Muriel E. Zacharias,* of Wilton, for the plaintiff.

*Richard Weinstein,* of Norwalk, for the defendants.

DICENZO, J. On September 18, 1963, the plaintiff entered small claims process against the defendants and paid the required Circuit Court fee, receiving a receipt therefor. On October 19, 1963, the defendants received process by certified mail and returned the postal receipt to the court through the post office department. On November 7, 1963, counsel entered an appearance in writing for all defendants. The process provided that the court would give hearing upon this claim at the courtroom of the Circuit Court at Wilton on Tuesday, November 12, 1963, at 7:30 p.m. The defendants failed to file any answer or counterclaim or in any way to set out any specific defense to the claim of the plaintiff in accordance with what is now § 904 of the 1963 Practice Book.

On November 12, 1963, the plaintiff, together with his counsel, appeared in the Circuit Court at Wilton pursuant to the small claims process, at which time the defendants defaulted in appearance, nor did counsel for the defendants appear. Prior to the appointed time neither plaintiff nor plaintiff's counsel were alerted or advised that the defendants

would not appear in court to defend on November 12, 1963. Thereupon, the court *(Tunick, J.)* rendered judgment for the plaintiff by default and found damages for the plaintiff in the sum of $118.98 plus an entry fee of $3.

This court has heard counsel for the defendants and counsel for the plaintiff on the instant motions. It does not appear that the defendants complied with the rules for the Circuit Court, particularly §§ 904 and 910 of the 1963 Practice Book. Rules of this court have been established to be followed and adhered to, and there does not appear to be any good or valid reason why the rules were not followed in the instant case. Therefore, it does not appear that there is any good or valid reason for vacating the judgment or staying the execution on the judgment of the court.

Both motions are denied.